# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 08-801V
May 15, 2014
To Be Published

* * * * * * * * * * * * * * * * * * * * * * * * * * * *
TRACY ROSE, Parent of CARTER ROSE,       *
a Minor,       *
      *
      Petitioner,       *
      *
      v.       *     DTaP vaccine; SCN1A sodium
      *     channel mutation; severe myoclonic
      *     epilepsy of infancy ("SMEI");
SECRETARY OF HEALTH       *     Dravet syndrome; petitioner's
AND HUMAN SERVICES,       *     motion for a decision dismissing
      *     the petition
      Respondent.       *
      *
* * * * * * * * * * * * * * * * * * * * * * * * * * * *

Ronald C. Homer, Boston, MA, for petitioner.
Althea W. Davis, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION[1]

      Petitioner filed a petition on November 10, 2008, under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2006). Petitioner alleges that diphtheria-tetanus-acellular pertussis ("DTaP") caused her son Carter Rose ("Carter") to have severe myoclonic epilepsy and developmental delays.

      On November 10, 2008, the case was assigned to former Special Master Richard B. Abell.

---

[1] Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the categories listed above, the special master shall redact such material from public access.

On May 21, 2009, respondent filed her Rule 4(c) Report, noting that Carter was diagnosed with a sodium channel mutation. Resp't Rep. at 9.

On July 27, 2009, petitioner filed a Motion to Stay Pending the Outcome of <u>Snyder</u> and <u>Harris</u>. These two cases were pending before Special Master Christian J. Moran on the same issue as the instant action. On August 5, 2009, Special Master Abell granted a stay of the instant action.

On March 30, 3010, the case was transferred to former Special Master Patricia E. Campbell-Smith.

Further proceedings occurred, including the deposition on April 6, 2011 of the director of the Athena Diagnostics Lab, which had determined that Carter has an SCN1A mutation.

On October 7, 2011, petitioner filed the expert report of Dr. John Gaitanis and numerous medical articles. P. Exs. 25-88. On February 29, 2012, respondent filed a CD including the reports of her two experts, Dr. Raymond and Dr. Sachdeo, and accompanying medical literature.

On May 22, 2012, Special Master Campbell-Smith filed an Order in which, among other points, she cites cases in which petitioners' allegations alleging significant aggravation of SMEI have failed.

On January 8, 2013, Special Master Campbell-Smith issued an Order setting a hearing date for September 25, and 26, 2013. On May 22, 2013, the parties filed a joint status report, listing five SCN1A cases in which appeals were either pending or deciding, and requesting that the entitlement hearing in the instant action be rescheduled until early 2014. On May 22, 2013, Special Master Campbell-Smith issued an Order cancelling the September 25, and 26, 2013 hearing dates.

On May 28, 2013, this case was transferred to the undersigned.

On June 14, 2013, petitioner moved for an award of interim attorneys' fees and costs. On July 24, 2013, the parties stipulated to interim attorneys' fees of $80,000.00 and petitioner's costs of $385.22, which the undersigned awarded on July 25, 2013. On July 31, 2013, judgment entered on the decision awarding petitioner's attorneys' fees and costs.

On January 29, 2014, the undersigned issued an Order recounting seven similar cases,[2] all of which petitioners had lost, and questioned whether there was a reasonable basis to proceed in light of the universal failure of petitioners to prove that vaccinations significantly aggravate

---

[2] These seven include: <u>Snyder v. Sec'y of HHS</u>, No. 08-76V, 2014 WL 292399 (Fed. Cir. 2014) (which subsumes <u>Harris v. Sec'y of HHS</u>); <u>Deribeaux v. Sec'y of HHS</u>, 717 F.3d 1363 (Fed. Cir. 2013); <u>Stone v. Sec'y of HHS</u>, 676 F.3d 1373 (Fed. Cir. 2012) (which subsumes <u>Hammitt v. Sec'y of HHS</u>); <u>Barnette v. Sec'y of HHS</u>, 110 Fed. Cl. 34 (Fed. Cl. 2013); <u>Waters v. Sec'y of HHS</u>, No. 08-76V, 2014 WL 300936 (Fed. Cl. Spec. Mstr. Jan. 7, 2014).

SCN1A mutations. On March 13, 2014, petitioner responded that there was a reasonable basis to proceed.

On April 4, 2014, the undersigned issued an Order for petitioner's expert Dr. Gaitanis to respond to the reports of respondent's experts Dr. Raymond and Dr. Sachdeo.  In addition, the undersigned ordered petitioner to have Dr. Gaitanis explain why he relied on fever-induced seizures in his expert report when Carter did not have a fever when he began seizing.  The undersigned ordered petitioner to have Dr. Gaitanis explain how he could say vaccinations significantly aggravated Carter's epilepsy when the first objective sign of a change in Carter's brain occurred one year post-vaccination.  In addition, the undersigned ordered Carter's parents to submit their blood to Athena Diagnostics for testing because, if they do not have the same abnormality as Carter, the lab would determine that Carter's mutation is de novo, which is more severe than inherited abnormalities.

On May 12, 2014, petitioner filed an Unopposed Motion for a Decision Dismissing the Petition, stating, "The petitioner has been unable to secure evidence to prove entitlement to compensation in the Vaccine Program," and "In these circumstances, to proceed further would be unreasonable." Pet'r's Mot. ¶¶ 1, 2.

The undersigned **GRANTS** petitioner's motion and **DISMISSES** this case.

### DISCUSSION

To satisfy her burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause and effect showing that the vaccination was the reason for the injury[,]" the logical sequence being supported by "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

Althen, 418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioner's affirmative duty to show actual or legal causation." Grant, 956 F.2d at 1149.  Mere temporal association is not sufficient to prove causation in fact.  Id. at 1148.

3

The Vaccine Act does not permit the undersigned to rule for petitioner based on her claims alone, "unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1) (2006).

Petitioner's expert Dr. Gaitanis bases his expert opinion on facts not in the record, e.g. fever post-vaccination, or assumes significant aggravation when objective evidence of brain injury was one year post-vaccination. An expert's opinion is only as good as the basis for it. Perreira v. Sec'y of HHS, 33 F.3d 1375, 1377 (Fed. Cir. 1994). Petitioner has chosen not to pursue her claim in light of the deficiencies in Dr. Gaitanis's report as well as the scientific evidence, described in depth in the seven cases that have resulted in dismissals of petitioners with the same allegations concerning SCN1A sodium channel mutations. Petitioner has failed to make a prima facie case and moves for a decision dismissing the petition.

The undersigned **GRANTS** her motion. This petition is hereby **DISMISSED.**

## CONCLUSION

This petition is **DISMISSED**. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

Dated: May 15, 2014

s/Laura D. Millman
Laura D. Millman
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.